[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 25, 1996, the plaintiff, John Mitchell, filed a substituted complaint against the defendant, American Mutual Insurance Company (AMI), seeking relief pursuant to General Statutes § 38a-321, Connecticut's "direct action statute." Section 38a-321 permits a plaintiff to bring a direct action against an insurer if the plaintiff has obtained a judgment CT Page 5256-FFFF against an insured that has not been satisfied within thirty (30) days after judgment is rendered. Mitchell obtained a judgment against AMI's insured, Greg DiGiovanni, for injuries sustained when DiGiovanni struck Mitchell in the face. Mitchell seeks to compel AMI to pay the judgment rendered against DiGiovanni.
On June 25, 1996, AMI filed an answer and four special defenses alleging that the event which gave rise to Mitchell's injury was not an accident and, if it was, it falls within the policy's exclusion from coverage for "an accident an insured person expected or intended to happen." The plaintiff argues that DiGiovanni's acts were not intentional.
DiGiovanni was an "insured person" under the Master Plan Policy issued by AMI. AMI's policy was in effect at the time of the incident. AMI provided DiGiovanni with a defense in the civil action pursuant to a "Non-Waiver Agreement" and a reservation of rights to disclaim coverage. Mitchell and DiGiovanni agreed to arbitrate the claim and Mitchell received an award for $120,882.74. The award was confirmed as a judgment of the Superior Court. Mitchell has not received any payment in satisfaction of the judgment. Thirty days has passed since judgment was rendered against DiGiovanni.
The court conducted a hearing in which both the plaintiff and Greg DioGiovanni testified as to the facts of this incident. At the time of the plaintiff's inquires, he and DiGiovanni were both students at Wilton High School. Earlier that morning, the plaintiff and DiGiovanni brushed against each other as they approached on the stair case. At the end of the day, the plaintiff and his friend, Steve Voss were bringing a gift to the environmental teacher. At this time the plaintiff and Voss encountered DiGiovanni, and as the parties passed each other, the plaintiff and DioGiovanni again bumped each other. DioGiovanni reversed direction and followed the plaintiff to the classroom of the environmental teacher. DiGiovanni confronted the plaintiff challenging him to a fight. In response, the plaintiff said "not now, but I can blow you away." DiGiovanni hearing these words, struck the plaintiff in the face causing severe facial injuries.
The dispositive issue is whether the striking of Mitchell in the face constituted "an accident the insured expected or intended to happen," within the meaning of an exclusionary CT Page 5256-GGGG clause in the AMI policy. The court finds that it was.
"In its most common usage, `intent' involves (1) . . . a state of mind (2) about consequences of an act (or omission) and not about the act itself, and (3) it extends not only to having in the mind a purpose (or desire) to bring about given consequences but also to having in mind a belief (or knowledge) that given consequences are substantially certain to result from the act. . . . [T]he intentional state of mind must exist when the act occurs. . . . Thus, intentional conduct extends not only to those consequences which are desired, but also to [t]hose which the actor believes are substantially certain to follow from what the actor does. . . . [I]t is not essential that the precise injury which was done be the one intended. . . . Rather, it is an intent to bring about a result which will invade the interests of another in a way that the law forbids." AmericanNational Fire Ins. Co. v. Schuss, 221 Conn. 768, 776,607 A.2d 41 (1992).
The court finds that DiGiovanni acted with the desire to cause harm to Mitchell when he struck him in the face and that DiGiovanni acted with substantial certainty that harm would result to Mitchell. Although DiGiovanni may not have intended to cause such extensive injury to Mitchell, he knew with substantial certainty that, when he struck Mitchell in the face, he would cause harm to Mitchell. DiGiovanni intended to harm Mitchell and that harm invaded Mitchell's interest in a way the law forbids.
AMI's policy provides that : "In this section of your Atlantic Master Plan, we describe certain `exclusions.' We won't pay liability or medical expenses to which an exclusion applies." The policy excludes coverage for "an accident an insured person expected or intended to happen." Because the court finds that DiGiovanni's act of striking Mitchell in the face was an act "the insured expected or intended to happen," the claim for damages arising from DiGiovanni's act is excluded from coverage under AMI's policy. Judgment in favor of the defendant, American Mutual Insurance Company.
BY THE COURT
GROGINS, J. CT Page 5256-HHHH